### DELL NESTER v. THE STATE OF NEW JERSEY.

If there be degrees of reasonable doubt, the definition of such degrees is a matter of no moment in the administration of criminal justice, for if, after carefully weighing the evidence, the jury finds its judgment unconvinced of guilt, a state of reasonable doubt exists, the benefit of which must be given to the accused without reference to its degree. It was erroneous, therefore, to charge the jury in a criminal case that "any reasonable doubt must be given to the defendant, but it must be a very reasonable one," for such a direction permitted, if it did not require, the jury to refuse to the accused the benefit of such a doubt unless it was of the highest or at least of a very high degree.

On error to the Atlantic Sessions.

Argued at June Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the plaintiff in error, *William D. Edwards* and *Clarence L. Cole.*

For the state, *Samuel E. Perry,* prosecutor of the pleas.

The opinion of the court was delivered by

MAGIE, J.   Among the many assignments of error in this case there is one which, in my judgment, points to an error so palpable that no consideration need be given to the others.

It appears by the bills of exceptions that the only direction given to the jury by the trial judge upon the subject of reasonable doubt was that contained in this sentence, "any reasonable doubt must be given to the defendant, but it must be a very reasonable doubt."

Under our system of criminal jurisprudence nothing is better settled than that the presumption of innocence shields from conviction any person accused of crime unless the prosecutor in behalf of the state has produced evidence which convinces the judgment of a jury of his guilt beyond a reasonable doubt.

If it be true that reasonable doubt can be said to exist in different degrees, it is obvious that the classification and definition of such degrees can be of no practicable moment in determining the question which the jury must solve, for if, after carefully weighing all the evidence, the judgment of the jury remains unconvinced of his crime, there is a state of reasonable doubt, the benefit of which must be given to the accused without reference to its class or degree.

But the instruction complained of in this case permitted and perhaps required the jury to refuse to the accused the benefit of such a doubt unless it was of the highest or at least of a very high degree.

This was erroneous and plainly tended to the injury of the accused. For this reason his conviction was wrong, and the judgment of conviction must be reversed.